UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ROZALIA JORDAN,

            Plaintiff,                                  Civil No. 07-940-HA

            v.                                     ORDER

STATE OF OREGON DEPARTMENT OF
HUMAN SERVICES, WASHINGTON
COUNTY DISABILITY AGING AND
VETERANS SERVICES; and JOE EASTON,
SEAN RUSAW, VICKIE SHAFFER, and
MICHAEL BELLISH, in their individual
capacities,

            Defendants.

_____

HAGGERTY, District Judge:

       Plaintiff Rozalia Jordan brought a suit against defendants asserting claims under 42 U.S.C. §

1983 and also brought claims for Malicious Prosecution, Wrongful Institution of Civil Proceedings,

Intentional Infliction of Emotional Distress, and Intentional Interference with Employment

Agreement.  By Opinion and Order issued July 21, 2009, this court granted summary judgment to

defendants in part: summary judgment was granted to all defendants on plaintiff's First Amendment

retaliation claim related to re-application, and to defendants Bellish and Easton as to plaintiff's

1 - ORDER

claims for selective prosecution, First Amendment retaliatory prosecution, and malicious prosecution. Plaintiff's remaining case included other claims for First Amendment retaliatory prosecution, equal protection violations, substantive due process violations, and claims for malicious prosecution.

A pretrial order was lodged on October 13, 2009. After trial documents were filed, plaintiff accepted defendants' Offer of Judgment on March 16, 2010. Judgment was entered on April 5, 2010, awarding plaintiff $225,000 against defendants State of Oregon Department of Human Services, Joe Easton, Sean Rusaw, Vickie Shaffer, and Michael Bellish. This Order resolves plaintiff's Motion for Attorney Fees [185] and Bill of Costs [193].

**ANALYSIS**

Plaintiff seeks $763,633 in attorney fees, $31,812.50 for paralegal fees, and $43,916.08 in non-taxable expenses. Plaintiff's Bill of Costs totals $1,730.54.

Defendants advance no objections to the taxable costs, non-taxable expenses, and paralegal fees claimed, and these amounts, totaling $77,459.12, are granted to plaintiff. Defendants object to the hours and the rates claimed in plaintiff's request for attorney fees.

In making a fee award, this court must "strike a balance between granting sufficient fees to attract qualified counsel to civil rights cases, and avoiding a windfall to counsel." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008) (citing *City of Riverside v. Rivera*, 477 U.S. 561, 579-80 (1986); *Blum v. Stenson*, 465 U.S. 886, 897 (1984) (other citation omitted)). "The way to do so is to compensate counsel at the prevailing rate in the community for similar work; no more, no less." *Id.*

To determine the fee award in this case, the court uses the lodestar method to calculate fees. Under this method, I start by determining how many hours were reasonably expended on the

litigation, and then I multiply those hours by the prevailing local rate for an attorney of the skill

required to perform the litigation.  *Id*. (citing *Blum*, 465 U.S. at 895).

      **1.**      **Adjustments**

      This court has the discretion to adjust upward or downward based on a variety of factors,

including scrutinizing the claimed hours to determine if any were excessive, redundant, or

"otherwise unnecessary," and taking into account issues such as the results obtained, the time and

labor required, the difficulty of the questions presented, the skill required to perform the legal

service properly, the preclusion of other employment, the customary fee, and whether the fee is fixed

or contingent.  *Hensley v. Eckerhart*, 461 U.S. 424, 433-34 (1983) (citation omitted).

      This court is required to explain how it came up with the award amount – the explanation

"need not be elaborate, but it must be comprehensible."  *Moreno*, 534 F.3d at 1111.  The *Moreno*

court also wisely identified the primary source for justifying a reduction in a requested fee award:

> the burden of producing a sufficiently cogent explanation [for determining if a fee request is
> excessive] can mostly be placed on the shoulders of the losing parties, who not only have the
> incentive, but also the knowledge of the case to point out such things as excessive or
> duplicative billing practices.  If opposing counsel cannot come up with specific reasons for
> reducing the fee request that the district court finds persuasive, it should normally grant the
> award in full, or with no more than a haircut.

*Id*. at 1116.

      Accordingly, this court turns to defendants' objections.  Much of defendants' challenge

targets  what they view as plaintiff's counsel's "inefficiency," inability to deduce successful

strategies quickly, and counsel's investment of excessive time on numerous tasks.  Objections at 3-8.

Defendants also assert that the award sought is disproportionate to the results achieved and to the

awards granted in similar cases.  Only certain aspects of these objections are persuasive.

      The court rejects defendants' criticism regarding the protracted record of discovery.

Specifically, defendants' suggestion that a more efficient counsel would have shortened the

discovery time considerably after receiving Joe Easton's "clue" in his 2007 Declaration about an "effort" undertaken in 2006 to identify situations relevant to this case, grossly overlooks the disingenuous information Easton also provided – denying that there were any documents that addressed the issue, while later acknowledging in deposition testimony that he participated in a formal study of the matter and served on a related committee.

Defendants also quibble over the number of discovery motions plaintiff was compelled to file, as if generating a dispute about that assertion might obscure the fact that discovery was a difficult, sometimes bitter process deprived of much cooperation. Defendants' challenges to the hours claimed for discovery are overruled. This court agrees with plaintiff that discovery was complex, and was rendered more difficult by defendants' litigation strategies.

Likewise, defendants shrug away plaintiff's fee request as a quest for a windfall because other cases claimed to be "similar" by plaintiff either were more complex, went to trial, or involved a greater public benefit. Objections at 4-5. Defendants cast the issues presented in this litigation as "decidedly ordinary" when compared to other civil rights cases, and they contend that the resolution of the case lacks a meaningful public benefit that might otherwise justify a high fee award.

These objections are unpersuasive. Plaintiff's success is a significant reaffirmation of the individual's right to exercise constitutional rights to seek the redress of grievances within public entities. Defendants' limited evaluation of the scope of the public benefit fails to compel a reduction in the fees being sought.

Similarly, the court declines defendants' invitation to discount the fee award in light of the parties' alleged settlement postures. This argument is without merit.

**2.      Reasonable hours**

Defendants are more persuasive in objecting to the amount of time claimed for performing deposition summaries. For example, the hours listed for completing deposition summaries are in

some instances unreasonable. For the reasons stated in defendants' Objections at 9-11, this court concludes that the reasonable amount of time for completing deposition summaries should be adjusted as follows:

perpetuation deposition of Doris Bailey – reduced by 8 hours;

deposition of Michael Bellish – reduced by 6 hours;

deposition of Joe Easton – reduced by 20 hours;

deposition of Rozalia Jordan – reduced by 6 hours;

deposition of Sean Rusaw – reduced by 16 hours;

deposition of Vickie Shaffer – reduced by 10 hours;

deposition of James Toews – reduced by 8 hours;

deposition of Tracy Villareal – reduced by 20 hours.

The court concludes that the resulting number of hours for deposition summaries more accurately reflects the amount of analysis and time that was reasonable for this task.

The court also agrees that the time plaintiff claimed for multiple attorneys to prepare for depositions is unreasonable. After examining the record and the memoranda and supporting documentation, this court finds the following reductions establish a reasonable hourly claims:

deposition of Vickie Shaffer – reduced by 40 hours;

deposition of Sean Rusaw – reduced by 25 hours;

depositions of Doris Bailey – reduced by 20 hours.

The hours claimed for other depositions are found to be reasonable.

Defendants' complaints about Julie A. Smith's hourly claim, and their suspicions about the possibility of duplicative efforts in that claim, are rejected. The court notes plaintiff's voluntary reduction of 500 hours, and the general reasonableness of hours claimed for purposes of responding to defendants' summary judgment motion.

5 - ORDER

The court agrees that the number of hours claimed for researching the removal of the action should be reduced. A reduction of 10 hours is warranted.

This court agrees that the hours claimed for trial preparation should be reduced. Specifically, the case was rendered simpler after the summary judgment ruling, and the 96.2 hours claimed for trial preparation by lawyers (Lane and Smith) who were not "slated to try the case" is excessive. In deference to the likelihood that these attorneys were contributing to the preparation regardless of their own roles, these hours are reduced as follows: Lane's claim is reduced by 20 hours and Smith's claim is reduced by 24 hours.

The court agrees that Damore's claim for 569.9 hours for preparing for trial is excessive. An attempt to identify a reasonable time-claim is difficult. The court has considered this attorney's experience, the difficulty of the case, the amount of testimony and document production, and the postures of the parties and counsel. The hours claimed should be reduced by 150 hours.

Defendants' related objections regarding duplicative billing in trial preparation is unpersuasive. That objection is rejected.

### 3.    Fee rates

Finally, defendants object to the hourly rates plaintiff seeks for her counsel. The forum district in this action is the District of Oregon. A reasonable hourly rate is determined by looking at the prevailing rate in the relevant community for similar work performed by attorneys of comparable skill, experience, and reputation. *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942 (9th Cir. 2007). This court applies the Portland-region rate as the prevailing market rate for plaintiff's attorneys.

"The fee applicant has the burden of producing satisfactory evidence, in addition to the affidavits of its counsel, that the requested rates are in line with those prevailing in the community for similar services of lawyers of reasonably comparable skill and reputation." *Jordan v. Multnomah County*, 815 F.2d 1258, 1263 (9th Cir. 1987).

6 - ORDER

In Oregon, the Economic Survey conducted by the Oregon State Bar is the "initial benchmark" for determining a reasonable rate, although attorneys may seek higher rates "based on inflation, specialty, or any number of factors."  "Message From The Court Regarding Fee Petitions," *available at* http://ord.uscourts.gov/court-policies/message-from-the-court-regarding-fee-petitions. The 2007 Oregon State Bar Economic Survey (2007 Oregon Survey) provides average, median and percentile-based hourly rates segregated by state region and by years of experience.  *See* 2007 Oregon Survey, *available at* http://www.osbar.org/_docs/resources/07EconSurvey.pdf.

Assessing current rates for hours billed in prior years is warranted only after a showing of extraordinary circumstances or special hardships.  *Hamrick v. Aqua Glass, Inc.*, Civil No. 07-3089-CL, 2010 WL 934478, *5 (D. Or. Mar. 12, 2010).  This exception is inapplicable here.

Attorney Susan Eggum seeks an hourly rate of $400.  The 2007 Oregon Survey reflects that the median hourly rate in Portland for an attorney with Eggum's experience was $275, and defendants assert that a hourly rate of $300 is reasonable for her.  After accounting properly for inflation and considering this attorney's experience, reputation, and skills, and the quality of her representation in this case, this court concludes that an hourly rate of $310 is appropriate.

Defendants challenge the requested hourly rate of $240 requested for attorneys Shelly M. Damore and Shari L. Lane as unreasonably high.  Both Damore and Lane have eight years of experience.  The 2007 Oregon Survey reflects that the median hourly rate for a Portland attorney with seven to nine years of experience was $225 an hour.  After considering inflation and these attorneys' experience, reputations, and skills demonstrated in this case, this court concludes that an hourly rate of $230 is appropriate.

Defendants also challenge the requested hourly rate of $265 for attorney Julie A. Smith.  The 2007 Oregon Survey reflects that an attorney with Smith's experience earns a median hourly rate in Portland of $250.  After considering inflation and evaluating Smith's experience, reputation, and

skills, and the quality of her representation in this case, this court concludes that the requested

hourly rate of $265 is appropriate.

### 4.    Costs

As noted above, defendants advance no objections to the taxable costs, non-taxable expenses,

and paralegal fees claimed.

Federal Rule of Civil Procedure 54 establishes that the prevailing party are allowed costs. An

attorney requesting costs must file a bill of costs, which must be verified by way of an attached

affidavit that avers that the claimed costs are correct and have been "necessarily incurred in the case

and that the services for which fees have been charged were actually and necessarily performed." 28

U.S.C. § 1924.

Costs are classified as either taxable costs or non-taxable costs. The court may tax specific

items as costs against a losing party as stated in 28 U.S.C. §§ 1920 and 1821. *Twentieth Century*

*Fox Film Corp. v. Entm't Distrib.*, 429 F.3d 869, 885 (9th Cir. 2005) (citation omitted). The court

has broad discretion in deciding whether to allow a prevailing party to recoup costs of litigation, but

may not tax costs beyond those authorized by § 1920. *See Frederick v. City of Portland*, 162 F.R.D.

139, 142 (D. Or. 1995).

Section 1920 provides:

A judge or clerk of any court of the United States may tax as costs the following: (1)
fees of the clerk and marshal; (2) fees for printed or electronically recorded
transcripts necessarily obtained for use in the case; (3) fees and disbursements for
printing and witnesses; (4) fees for exemplification and the costs of making copies of
any materials where the copies are necessarily obtained for use in the case; (5) docket
fees under section 1923 of this title; (6) compensation of court appointed experts,
compensation of interpreters, and salaries, fees, expenses, and costs of special
interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

Plaintiff has submitted taxable costs, which included Fees of the Clerk, fees for the service of summons and subpoena, printing fees, fees for "exemplification" and for copies necessarily obtained, for a total of $1,730.54. Defendants make no objection. The court has determined that these costs are reasonable and within the parameters of § 1920. They are awarded in full.

Federal law also grants this court discretion to award out-of-pocket expenses and other costs which are not recoverable as taxable costs under 42 U.S.C. § 1920, but which are charged to a fee-paying client. *See Harris v. Marhoefer*, 24 F.3d 16, 19-20 (9th Cir. 1994) (42 U.S.C. § 1983 civil rights case warranting attorney's fee award pursuant to § 1988 permits an award of non-taxable costs). Reasonable photocopying, paralegal expenses, and travel and telephone costs are recoverable. Plaintiff proposes $75,728.58 in nontaxable out-of-pocket expenses, which includes $31,812.50 of paralegal and law clerk time, charges for research services, travel, and the cost of a private investigator. Mem. Supp. (citing Declaration of Susan Eggum at Para. 52, Exs. 16-35). Defendants offer no objections. The court finds these costs reasonable.

## CONCLUSION

For the foregoing reasons, plaintiff's Motion for Attorney Fees [185] and Bill of Costs [193] are granted in part as follows: plaintiff's requests for taxable costs [193], non-taxable expenses, and paralegal fees totaling $77,459.12, are granted.

Plaintiff's request for attorney fees [185] is granted in part: plaintiff's counsel shall file an amended motion for a fee award reflecting the hourly reductions and the applicable hourly rates determined above. This amended motion must be filed within twenty-one days of this Order's issuance. Defendants are granted five days from the filing of the amended motion to file objections as to the calculations performed in the amended motion (whether the proper rates were applied to the appropriate number of hours). Alternatively, counsel are invited to stipulate to a final unopposed amended motion. All other pending motions or objections are denied as moot.

IT IS SO ORDERED.

Dated this   15   day of December, 2010.


                                              /s/ ANCER L. HAGGERTY
                                              ANCER L. HAGGERTY
                                            United States District Judge